**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-cr-696-2 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| PATRICK HARVEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendant's motion for modification or reduction of sentence [59] is denied.

**STATEMENT**

Patrick Harvey ("Defendant") pleaded guilty to possession with intent to distribute cocaine, and on February 13, 2014 was sentenced to a below-guideline term of 75 months in prison. (Dkt. # 47.) Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. # 59.)

Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment after final judgment unless one of two exceptions apply: (1) the Director of the Bureau of Prisons moves for a reduction of sentence or modification is expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (2) the sentence was based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). Defendant raises only the second of these exceptions as justification for reducing his sentence. Under 28 U.S.C. § 994(o)-(p), the Sentencing Commission is authorized to periodically revise the sentencing guidelines and submit such revisions to Congress for approval. Where it exercises this power to revise the

guidelines for a particular class of offense, the Sentencing Commission must specify "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C.A. § 994(u).

In accordance with this statutory authority, the Sentencing Commission on April 30, 2014 promulgated Amendment 782, which generates a reduction of 2 offense levels for all offenses based on the drug equivalency tables in §2D1.1 and §2D1.11 of the Sentencing Guidelines, effective November 1, 2014. The Commission further specified that the sentence reduction would apply retroactively to defendants previously sentenced for the relevant drug offenses. However, the Commission has made clear that in deciding whether to modify a defendant's sentence, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."[1] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1) (2014). Therefore, if a defendant's actual sentence was below the lower end of the *amended* guideline range for his offense, he is ineligible for a sentence reduction.

For this reason, Defendant's sentence cannot be reduced despite the 2-level reduction applicable to his offense. Defendant's total offense level at the time of his sentencing was 29 and his criminal history category was III. (Stmt. Reasons, Dkt. # 48 at III). After the 2-level reduction, his total offense level would be 27. When combined with his criminal history category

---

[1] Subdivision (1) provides:
> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1) (2014).

of III, an offense level of 27 yields an amended guideline range of 87 to 108 months. U.S. SENTENCING GUIDELINES MANUAL § 5A. Defendant's sentence of 75 months is below the guideline range for his offense even after the reduction of Amendment 782 is taken into account, and Defendant is therefore ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the reasons set forth above, the Defendant's motion for sentence reduction [59] is denied.

**SO ORDERED.**  **ENTERED:  March 24, 2015**

---
**HON. RONALD A. GUZMAN**
**United States District Judge**